O. N. TOWNSEND, HARRIET R. BURTON, MARY T. BROWN, AND RUFUS C. BURTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19960. Promulgated September 14, 1928.

*Claude I. Parker, Esq.*, and *Ralph W. Smith, Esq.*, for the petitioners.

*Maxwell E. McDowell, Esq.*, for the respondent.

## OPINION.

TRUSSELL: Of the four errors assigned by petitioners, two of them, "b" and "d," are definitely disposed of by stipulation both as to principle and amount. As to issue "a," it was agreed that the bonus

in question was subject to depletion in accordance with section 214 of the Revenue Act of 1926, Treasury Decision 3938, and that a calculation by each party of the exact amount would be filed later for purposes of a final order under Rule 50.

This leaves for consideration the one issue, " c," which involves the allowability of deductions from gross income for 1919 of each of the three petitioners, O. N. Townsend, Harriet R. Burton, and Mary T. Brown of one-third of the amount represented by certain uncollectible notes.

The facts in respect to these notes as shown by the record are that Thomas B. Townsend, the father of these three petitioners, at some time prior to his death, signed certain notes as accommodation endorser. Thomas B. Townsend died November 24, 1916. Six days later, on demand of the holders of the notes, they having not been paid, O. N. Townsend, as executor of his father's estate, paid them in the sum of $9,166.28, and the estate thereupon became their owner, and following this the notes were considered as part of the corpus of the estate and in determining the gross estate for Federal tax purposes no deduction was claimed on account of the payment made.

These notes were secured by a second mortgage on certain real estate belonging to the maker. In January, 1918, the administration of the estate of Thomas B. Townsend, was concluded and the executor discharged. The maker of the notes died and the administration of his estate, the sole asset of which was the real estate mentioned, was concluded in 1919, this property being sold in that year at foreclosure under the first mortgage for an amount insufficient to satisfy that mortgage.

Each of these three petitioners claimed deductions from his gross income for 1919 of one-third of the amount of the notes, $9,166.28, plus accrued interest of $1,521.66, on the ground that the notes were losses for that year, as they then became worthless. Respondent takes the position that the notes represented a contingent liability of the estate upon the death of Thomas B. Townsend and that payment of this liability by the executor constituted a loss at that time and in that amount to the corpus of the estate. It is argued by him that if the liability had ripened into a fixed debt the payment of it was merely a discharge of the debt and decreased the estate to that extent.

With this view we can not agree. Upon payment of the contingent liability the executor of the estate was subrogated to all the rights of the holder of the notes. That this was the legal effect of such action is admitted by respondent.

However, the question before us is what loss, if any, has been suffered by petitioners as distributees of the estate by reason of the happening of certain events in 1919 whereby any value which the

notes may have had before that time was destroyed. The answer to this can only be made upon proof of the value of the notes in January, 1918, when received by them from the executor, as such value is the basis upon which loss or gain to them must be determined. See *F. W. Matthiessen, Jr.*, 2 B. T. A. 921, and *F. W. Matthiessen, Jr.,* v. *United States*, 65 Ct. Cls. 484. Nor can deduction be allowed for this item under section 214 (a) (7) of the Revenue Act of 1918 as a " debt ascertained to be worthless and charged off within the taxable year " over and above the value of the notes at the time distributed to petitioners. *Charles F. Ayer*, 7 B. T. A. 324; affd., *Ayer* v. *Blair*, 26 Fed. (2d) 547. There is no evidence before us of the value of these notes at the time distributed to petitioners. Respondent's action in disallowing the deduction must be approved.

The deficiencies will be redetermined in accord with the facts as stipulated by counsel on the hearing and with the foregoing opinion.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*